UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE COUNTRY CLUB**<br>**OF LOUISIANA, INC.** | **CIVIL ACTION NO.**<br><br>**20-496-SDD-EWD** |
| **VERSUS** | |
| **INTERNATIONAL INSURANCE**<br>**COMPANY OF HANNOVER SE** | |

## NOTICE AND ORDER

This is an insurance coverage dispute filed by Plaintiff The Country Club of Louisiana, Inc. ("Plaintiff") against its commercial properties insurer, International Insurance Company of Hannover SE ("International Insurance").[1] Specifically, on or about July 8, 2020, Plaintiff filed its Petition for Damages ("Petition") against International Insurance in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, alleging that International Insurance has failed to make repairs and failed to provide sufficient insurance coverage to compensate Plaintiff for damage to Plaintiff's buildings and property, which arose out of a July 9, 2018 weather event ("the Weather Incident").[2] Plaintiff asserts that International Insurance's actions are in violation of La. R.S. § 22:1892 and La. R.S. § 1973.[3] On August 3, 2020, HDI Global Specialty SE ("HDI"), which claims to be formerly known as International Insurance, removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding HDI's citizenship and the amount in controversy.

---

[1] R. Doc. 1-1.
[2] R. Doc. 1-1, ¶¶ 4, 6-7.
[3] R. Doc. 1-1, ¶¶ 7, 9.
[4] R. Doc. 1, ¶¶ 9-10.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.[5] Regarding the citizenship of the parties, Paragraph 10 of the Notice of Removal states as follows:

10.

> Defendant shows that there is complete diversity of citizenship between plaintiff, The Country Club of Louisiana, Inc., which is a corporation organized under, and existing by virtue of, the laws of the State of Louisiana, with its domicile and principal place of business in the Parish of East Baton Rouge, State of Louisiana; moreover, defendant, HGS is a foreign insurer domiciled in Hannover, Germany.[6]

Plaintiff's Petition also alleges that Plaintiff is "a Louisiana corporation…with its principal place of business located in…and domiciled in…Louisiana."[7] The Notice of Removal and Petition have thus properly pled the Louisiana citizenship of Plaintiff.  HDI's website reflects that HDI was formerly known as, or "rebranded" from the name of, International Insurance;[8] however, it is not clear that the parties are diverse because citizenship has not been adequately alleged as to HDI. From the Notice of Removal, HDI appears to be a foreign corporation, as its name indicates that it is an "SE," which is believed to stand for "Societas Europeae," *e.g*., a European company.[9]  If Plaintiff is in fact a foreign corporation, for purposes of diversity jurisdiction, a foreign corporation is deemed a citizen of the country in which it was incorporated and of any state in the United States in which its principal place of business is located.[10]  Accordingly, HDI must plead both its place

---

[5] *See* 28 U.S.C. §1332(a).
[6] R. Doc. 1, ¶ 10.
[7] R. Doc. 1-1, introductory paragraph.
[8]  *See* https://www.hdi-specialty.com/int/en: "On the 1st January 2019 International Insurance Company of Hannover SE was re-branded as HDI Global Specialty SE."
[9] *See, e.g.,* § 22:48. Societas Europeae (European company), 3 Transnational Business Transactions § 22:48 ("The European company (*Societas Europeae*) is the first corporate entity available at a European Union supranational level, and will become effective in Germany as of October 2004.")
[10] *Reviere v. Cent. Fireworks, LLC,* No. 07-3573, 2013 WL 5603949, at *1 (E.D. La. Oct. 11, 2013), *citing Panalpina Welttransport GMBH v. Geosource, Inc.,* 764 F.2d 352, 354 (5th Cir. 1985).  *See also Jerguson v. Blue Dot Inv., Inc.,*

of incorporation and any state in the United States in which its principal place of business is located.

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[11] Plaintiff's Petition generally refers to Plaintiff's payment of premiums of $109,705.60, but does not appear to seek return of premiums.[12] Plaintiff's Petition also alleges: that it is the owner of a "large, upscale Golf and Country Club" with numerous buildings and amenities that suffered "functional and cosmetic" damages, including damage to the roof and roof components, wall systems, and interior losses such as water intrusion and mold growth; International Insurance has not compensated Plaintiff for the foregoing damages, including "lost business income," and has not adequately responded to repair the foregoing damage; and, International Insurance has wrongfully denied Plaintiff's insurance claims, has failed to fully comply with its obligations, has failed to assist Plaintiff and offer to settle, and has breached its contract and intentionally and/or negligently misrepresented its policy.[13] In connection with these claims, Plaintiff seeks full value of the damage to the property, its contents, and otherwise, recoverable depreciation, business income loss, mental anguish, statutory attorney's fees and costs, and "arbitrary and capricious penalties, attorney's fees, and general and

---

659 F.2d 31, 35–36 (5th Cir. 1981). If, however, Plaintiff is not a corporation, but rather comprised of a corporate form that is akin to a limited liability company or an unincorporated association, then Plaintiff must clarify what type of entity it is and plead its citizenship accordingly, *e.g.*, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[11] *See* 28 U.S.C. §1332(a).
[12] R. Doc. 1-1, ¶ 3.
[13] R. Doc. 1-1, ¶¶ 4-9.

3

special damages pursuant to La. R.S. 22:1973 … and 22:1892."[14] However, these general allegations do not contain any information regarding the amount of expenses associated with repairing the damage that Plaintiff's properties allegedly sustained as result of the Weather Incident or the amount of Plaintiff's "lost business income," and are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[15]

Moreover, the Notice of Removal also does not contain enough information to indicate whether Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. It merely states that:

> [B]ased on the allegations in plaintiff's petition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, for the alleged damages sustained by plaintiff. Plaintiff does not plead, and Louisiana law does not allow plaintiff to plead, a specific amount of damages. La. Code Civ. Proc. art. 893 (A)(1). In such circumstances, the Fifth Circuit permits removal if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs. The removing defendant can meet this burden by showing that the facially apparent allegations in plaintiff's petition meet the jurisdictional threshold that the amount in controversy exceed $75,000, exclusive of interest and costs. White v. FCI USA, Inc., 319 F. 3d 672 (5th Cir. 2003); Gebbia v. Wal-Mart Stores, Inc., 233 F. 3d 880 (5th Cir. 2000); Luckett v. Delta Airlines, Inc., 171 F. 3d 295 (5th Cir. 1999).[16]

---

[14] R. Doc. 1-1, ¶ 10. Under Louisiana law, corporation cannot incur damages for mental anguish or emotional distress. *See, One River Place Condominium Ass'n, Inc.v. Axis Surplus Ins. Co*., 629 F.Supp.2d 613, 617 (E.D. La. May 8, 2009).
[15] *Davis v. JK & T Wings, Inc*., Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[16] R. Doc. 1, ¶ 11. *See also* R. Doc. 1, ¶ 9, (alleging that there is jurisdiction pursuant to 28 U.S.C. § 1332 because "plaintiff alleges damages sufficient to place the amount in controversy in excess of $75,000, exclusive of interest and costs").

However, as explained above, it is not facially apparent from the Petition that the jurisdictional minimum is reached.[17]  Other than the foregoing deficient allegation, the Notice of Removal merely alleges that Plaintiff has not filed a binding stipulation that its recovery will be limited to $75,000 with its Petition.[18]  However, "[t]he problem with defendants' argument grounded upon [La. C.C.P.] Article 893 is that all three U.S. District Courts in the State of Louisiana have recognized that the failure to produce an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."[19] While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy.[20]  Finally, there is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy.  It is thus unclear from the Petition and the Notice of Removal whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship and the amount in controversy requirement has been met.[21]

Accordingly,

---

[17] R. Doc. 1, ¶
[18] R. Doc. 1, ¶ 12.
[19] *Peters v. First Nat. Ins. Co. of Am.,* No. 08-543-B-M2, 2009 WL 637233, at *3 (M.D. La. Feb. 6, 2009) (string citation omitted).
[20] *Peters*, at *id., citing Weber v. Stevenson,* No. 07-595, 2007 WL 4441261, *4 (M.D.La. Dec. 14, 2007).  A finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable. *Id.*
[21] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS ORDERED** that, **on or before September 14, 2020,** Defendant HDI Global Specialty SE, formerly known as International Insurance Company of Hannover SE, shall file a Motion to Substitute the Notice of Removal with a comprehensive amended Notice of Removal, which contains all of its numbered allegations, as revised, supplemented and/or amended and without reference to any other document in the record), that adequately alleges its citizenship and which shall become the operative Amended Notice of Removal if the Motion to Substitute is granted.

**IT IS FURTHER ORDERED** that, **on or before September 14, 2020,** Defendant HDI Global Specialty SE, formerly known as International Insurance Company of Hannover SE, shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before September 24, 2020,** Plaintiff The Country Club of Louisiana, Inc. shall file either: (1) a Notice stating that Plaintiff does not dispute that HDI has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, September 4, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**